IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                )
                                 )         CASE NO. BK09-42063-TJM
KELCEY E. FOX and CANDI J. FOX,  )
                                 )         CH. 13
        Debtor(s).               )

## ORDER

This matter is before the court on the debtors' motion to avoid the lien of Glenvil Cooperative Credit Union (Fil. #13). No objection was filed. Samuel J. Turco, Jr., represents the debtors.

The debtors have moved to avoid Glenvil Cooperative Credit Union's nonpossessory, nonpurchase money security interest in their 1992 Ford F250 vehicle under 11 U.S.C. 522(f)(1)(B)(ii).[1] To avoid the lien, the debtors must establish that (1) the creditor has a security interest in the vehicle; (2) the creditor's interest is a nonpossessory, nonpurchase money security interest; (3) the debtors are entitled to exempt the vehicle as a tool of the trade; and (4) the creditor's lien impairs the exemption in the vehicle. *Ginter v. Alliant Bank (In re Ginter)*, 349 B.R. 193, 197 (B.A.P. 8th Cir. 2006).

The credit union holds a secured claim of approximately $3,495. The value of the vehicle, according to the debtors' schedules, is $3,700. They claim a tool-of-the-trade exemption of $2,275 and a personal property exemption of $1,425 in the vehicle. *See* Schedule C (Fil. #1). Section 25-1556(4) of the Nebraska Revised Statutes permits a debtor to exempt up to $2,400 in tools of the trade, which can include a motor vehicle. Therefore, the debtors may avoid the fixing of the credit union's lien to the extent it impairs the § 25-1556(4) exemption in the vehicle. They may not use § 522(f)(1)(B) to protect any part of the personal property exemption. *In re Vasina*, 337 B.R. 684, 686 (Bankr. D. Neb. 2006).

---

[1]That section provides:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —
. . .
    (B) a nonpossessory, nonpurchase-money security interest in any —
    . . .
        (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor[.]

IT IS ORDERED: The debtors' motion to avoid the lien of Glenvil Cooperative Credit Union (Fil. #13) is granted. The lien on the 1992 Ford F250 is avoided only to the extent it impairs the debtors' tool-of-the-trade exemption.

DATED:      August 18, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
*Samuel J. Turco, Jr.
Kathleen Laughlin
United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.